# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 15-0141V
### Filed: June 16, 2015
Unpublished

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
BRIDGETTE WILEY,                    *
                                    *
                Petitioner,         *      Ruling on Entitlement; Concession;
        v.                          *      Influenza or Flu Vaccine; Shoulder
                                    *      Injury Related to Vaccine Administration
SECRETARY OF HEALTH                 *      ("SIRVA"); Special Processing Unit
AND HUMAN SERVICES,                 *      ("SPU")
                                    *
                Respondent.         *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Jeffrey S. Pop, Esq., Jeffrey S. Pop, Attorney at Law, Beverly Hills, CA, for petitioner.*
*Christine M. Becer, Esq., U.S. Department of Justice, Washington, DC for respondent.*

## RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

On February 11, 2015, Bridgette Wiley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered an adverse reaction to the influenza vaccine she received on November 21, 2012 resulting in severe pain and several surgeries. Petition, ¶¶ 4, 39. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 15, 2015, respondent filed her Rule 4(c) report in which she "recommends that compensation be awarded in this case." Respondent's Rule 4(c) Report at 1. Specifically, respondent "has concluded that a preponderance of evidence establishes that the injury to petitioner's right shoulder was caused-in-fact by the administration of her November 21, 2012, flu vaccine, and that petitioner's injury is not

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

due to factors unrelated to the administration of the flu vaccine." *Id.* at 3-4. Furthermore, respondent agrees that petitioner's injury lasted for more than six months. *Id.* at 4.

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

<u>**s/Denise K. Vowell**</u>
Denise K. Vowell
Chief Special Master